United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| A.V.V., JR, *et al.*, § | |
| § | |
| Petitioners, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:21-CV-00032 |
| § | |
| JUSTIN MARR, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Anita Vasquez filed this petition under 28 U.S.C. § 2241 on behalf of her 17-year-old son, Alfred Vasquez Villarreal Jr., who is currently in custody with the Victoria County Sheriff's Department while awaiting trial on Texas state criminal charges. Liberally construed, Vasquez challenges the state's jurisdiction to charge her son with crimes, although her filings and allegations are largely nonsensical. (*See* D.E. 1, 1-1). Vasquez's application to proceed *in forma pauperis* (D.E. 6) is **GRANTED**. However, for the reasons discussed further below, it is recommended that the petition be dismissed without prejudice prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because Vasquez has not established that she has standing to file a

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

petition on behalf of her son and, regardless, it is plain from the petition and attached exhibits that she is not entitled to relief.

## I. PETITION AND CLAIMS

In the petition, Vasquez contends that her son is unlawfully incarcerated. (D.E. 1). She argues that the state prosecutor "does not have a certificate of existence and therefore I does not and chooses not to contract with an entity that does not exist." (*Id.* at 3) (typos in original). Thus, she contends that the state prosecutor cannot prosecute her son and is "warring against the constitution." (*Id.*). She cites several state civil laws regarding corporations in support of this claim. (*Id.* at 2-3). The rest of the filing consists primarily of unexplained or irrelevant legal citations and nonsensical claims, such as:

> The boy alfred is not a united states citizen, nor a resident of the united states, nor a fictious entity, anita vasquez is the mother of the living boy alfred and holds the assumed name certificate, dba, for Alfred and is the Executor of the estate known as ALFRED VASQUEZ VILLARREAL JR, Alfred is the living heir, beneficiary, and posterity to the "written" organic "Declaration of Independence of 1776", the "written" organic "Constitution for the United States of America of 1787" and specifically the "written" organic "Bill of Rights of 1791Petitioner never knowingly or willfully contracted, waived, granted, delegated, or volunteered his rights away, Impossible! Petitioner distinctly Objects to being construed as a second class14 Amendment citizen of the United States, a creation of the federal government and rebuts the governments presumption.

(*Id.* at 11-12) (typos and emphasis in original).

Among other attachments, Vasquez attached a copy of a similarly nonsensical motion filed in Texas state court. (D.E. 1-1 at 1-46). She also attached documents indicating that she has registered her son's name as an assumed business name, apparently under the assumption that this creates some distinction between a "natural person" and an

2

"artificial person created under contracts with the STATE." (D.E. 1-2 at 1-2, 13) (emphasis in original).

## II.  DISCUSSION

### a.  *"Next Friend" Standing*

Under 28 U.S.C. § 2242, an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." When someone files on behalf of someone else as a "next friend," the detained person remains the true party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). However, the Supreme Court has made clear that this "next friend" provision does not automatically confer "standing … to whomever seeks to pursue an action on behalf of another." *Id.* Instead, someone seeking to establish "next friend" standing must show: (1) an adequate explanation for why the real party in interest cannot appear on their own behalf, such as mental incapacity, lack of access to court, or another similar disability; and (2) that they are "truly dedicated to the best interests of the person whose behalf [they seek] to litigate" and that they have some significant relationship with the real party in interest. *Id.* at 163-65. "The burden is on the 'next friend' clearly to establish the propriety of his status and therefore justify the jurisdiction of the court." *Id.* at 164.

In the context of civil rights suits, the Fifth Circuit has repeatedly held that a non-attorney parent or guardian may not represent a minor child. *See Sprague v. Dep't of Family and Protective Svcs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) (quoting *Myers v Loudoun Cnty. Public Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (string cite

3

omitted)); *see also Chatman v. Miss. High Sch. Athletics Ass'n*, 552 F. App'x 335, 337 (5th Cir. 2014) (per curiam); *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. 2008).

Here, even assuming that Vasquez can meet the requirement to show that she is truly dedicated to the best interests of her son, she has made no allegation that her son is incompetent, lacks access to the court, or is otherwise unable to file a habeas petition on his own behalf. Although her son is 17, Vasquez has not established that this fact alone means that he would be unable to file a habeas petition on his own behalf. The Fifth Circuit does not appear to have addressed this question in the context of a habeas petition, but in the context of civil rights cases, the Fifth Circuit has consistently held that a non-attorney parent or guardian may not represent a minor child. *See, e.g.*, *Sprague*, 547 F. App'x at 508. Accordingly, the suit should be dismissed for lack of standing.

While the suit could be dismissed solely for lack of standing, this memorandum will also address the merits.

    *b.   Merits*

Here, the claims that Vasquez seeks to make on behalf of her son are meritless on their face. Her claims mix civil and criminal laws and rely on nonsensical arguments that the state prosecutor "does not have a certificate of existence" and "does not exist." (D.E. 1 at 2-3). In short, the contents of Vasquez's filing follow the patterns and arguments of the "sovereign citizen movement," which the Fifth Circuit has described as "a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016). In accordance with these beliefs, Vasquez's filing

4

blends commercial and contractual law with criminal law, attempts to make a distinction between a "natural person" and "an artificial person" created by the state, and contends that she and her son have not contracted with the government and therefore cannot be subject to criminal charges, among other similar arguments with no legal merit. As stated by other circuits, such claims, whether the petitioner considers themselves a sovereign citizen or not, "have no arguable legal basis and are patently frivolous." *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)).

### III.  RECOMMENDATION

Accordingly, it is recommended that the petition be dismissed because Vasquez has not established that she has standing to file a petition on behalf of her son and, regardless, it is plain from the petition and attached exhibits that she is not entitled to relief.

Respectfully submitted on August 16, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).