United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **ANITA VASQUEZ on behalf of A.V.V. JR.,** § § § | |
| Petitioner, § § | |
| v. § § | Civil Action No. 6:21-CV-00032 |
| **JUSTIN MARR,** § § § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the August 16, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 8). In the M&R, Magistrate Judge Hampton recommends the Court s*ua sponte* dismiss *pro se* Petitioner Anita Vasquez's 28 U.S.C. § 2241 habeas petition for lack of standing.[1] The petition was submitted by Vasquez on behalf of her seventeen-year-old son that was or is currently in pre-trial custody in state court.

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[2]  *See* 28 U.S.C. § 636(b)(1).  Vasquez filed timely

---

[1] A pre-trial habeas petition is filed under Section 2241. *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011).

[2] Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

objections. (Dkt. No. 10); (Dkt. No. 12).³ As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Vasquez's objections assert, among other arguments, that her son is being prosecuted by a military court, the prosecutor has not established jurisdiction, and the prosecutor has not filed an affidavit from an injured party. The objections, however, do not address the fundamental flaw in Vasquez's petition: she has not established standing to file a habeas petition on behalf of her son.⁴ *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990); *Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (per curiam). The Court therefore overrules the objections.

The Court has conducted a *de novo* review of the M&R, the objections, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition, (Dkt. No. 1), for lack of standing.

It is SO ORDERED.

---

³ Both objections are identical.

⁴ The objections state that "Anita Vasquez has been removed from the complaint." (Dkt. No. 10 at 2). Not so. The original petition, which was submitted by Vasquez, remains the live petition. The objections are also purportedly signed by Vasquez's son via an electronic signature. *See* (Dkt. No. 10 at 2). The mailing and email addresses in the header, however, belong to Vasquez. *Compare* (Dkt. No. 1 at 1) *with* (Dkt. No. 10 at 1). Moreover, a docket entry from September 2 reflects that the objections were filed in the clerk's drop box without an envelope. This is relevant because the petition alleges that Vasquez's son is incarcerated. (Dkt. No. 1 at 1). Thus, the Court cannot conclude that Vasquez's son himself filed the objections.

Signed on November 29, 2021.

                                                               *Drew B. Tipton*
                                                                **DREW B. TIPTON**
                                                     **UNITED STATES DISTRICT JUDGE**